United States District Court
For the Northern District of Illinois
Municipal Department, First District

| | | |
|---|---|---|
| Brian F. McBride, Plaintiff | ) ) ) | 13CV4748 Case Judge St. Eve Assi Mag. Judge Valdez |
| v. | ) ) | |
| Mary F. Chapman, Esq. The Law Offices of Mary F. Chapman | ) ) ) ) ) ) | Mag |

**FILED**
7-1-13
JUL X 1 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT

**Background:**

1. Plaintiff was involved in an employment discrimination complaint that was previously before this court and captioned as McBride v. MDea, Inc. et al. with case number 1:2013cv00602 before Judge Darrah.
2. During the process of the case, the Defendants had filed a SLAPP lawsuit in the case in Nevada State Court to cajole the Plaintiff to dismiss his action before this Honorable court.
3. For the Nevada SLAPP suit, McBride hired the Law Offices of Mary F. Chapman with Mary F. Chapman as sole attorney.
4. Settlement discussions were underway in which a financial settlement was to be worked out between the parties.
5. Then, during negotiations via electronic mail to Defendant's counsel, Chapman breached her confidentiality to her client, McBride by opining to MDea's counsel, Timothy Hudson that McBride's claims in 1:2013cv00602 before Judge Darrah had no merits.
6. This caused Defendants in that case to refuse to settle the case.
7. But for Chapman's interference and breach of duty, McBride would have prevailed in his case 1:2013cv00602.
8. Plaintiff, as the result of Chapman's unethical and intentionally negligent actions, Plaintiff McBride had to accept a settlement with no financial value that left him destitute.
9. Nonetheless, Chapman had the gaul to then send McBride invoices for reading electronic mail and threaten a lawsuit in Nevada for the payment of charges using words like "bring it" in attempt to provoke a fight.

**Jurisdiction and Venue:**

10. Jurisdiction is appropriate at the Federal level because of the diversity of jurisdiction. The Plaintiff is a resident of Cook County Illinois, and the Defendant is a resident of Nevada with a principal place of business in Nevada. The contract was commenced in Illinois and Chapman received funds from the State of Illinois for payment.
11. The claim for damages is more than $75,000 and is based on McBride's actual damages from the original case, plus damages for intentional infliction of emotional distress.

**Argument:**
**Plaintiff's former counsel was negligent in her breach of client confidentiality**

12. Paragraphs 1-11 are incorporated herein.

13. Negligence is the failure to do something which a reasonably careful person would do or the doing of something which a reasonably careful person would not do under similar circumstances. (Williams v. Conner 228 Ill App 3d 350, 364 (5th district))
    a. As an attorney Chapman has a duty to be honest in their representations before this Court.
    b. Injuries or damages were sustained by the Plaintiff
    c. Chapman's collective breech of duty was the proximate cause for Plaintiff's damages and excess attorney fees
14. In the State of Illinois, the Illinois Rules of Professional Conduct clearly and unequivocally outlines the duties of an attorney as an officer of the Court.
15. The commission of a fraudulent act, is governed by IRPC Rule 8.4:
    d. <u>IRPC 8.4(a)(3)</u> states that a lawyer shall not "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer."
    e. Moreover, Witt, 583 N.E.2d 526 (1991) establishes fraud as including anything calculated to deceive, whether it be a single act of combination of circumstances.
    f. Yamaguchi (Yamaguchi, 515 N.E.2d 1235, 1239 (Ill. 1987)) further defines fraud as "whether it be the suppression of truth or the suggestion of what is false,"
    g. Armentrout (Armentrout, 457 N.E.2d 1262, 1266 (Ill. 1983)) broadens the definition of fraud: "whether it be by direct falsehood or by innuendo, by speech or by silence, by word of mouth or by look or gesture."
    h. The basic elements of fraud and deceit are:
        i. a false representation of material fact
        ii. the defendant must know of the falsity, but nevertheless, makes the statement for the purpose of inducing the plaintiff to rely on it;
        iii. the plaintiff must justifiably rely on the statement for the purpose of inducing the plaintiff to rely on it; and
        iv. the plaintiff must have suffered damages as a consequence.
16. In Illinois, *Wolf v. Liberis,* 153 Ill.App.3d 488, 496, 106 Ill.Dec. 411, 505 N.E.2d 1202 (1987) establishes the concept for aiding and abetting an act for which the Plaintiff is entitled to legal redress:
    i. The party whom the defendant aids must perform a wrongful act which causes an injury;
    j. The defendant must be regularly aware of his role as part of the overall or tortious activity at the time that he provides the assistance;
    k. The defendant must knowingly and substantially assist the principal violation.
17. In *Reuben H. Donnelley Corp. v. Brauer,* 275 Ill.App.3d 300, 211 Ill.Dec. 779, 655 N.E.2d 1162 (1995), Illinois courts established the precedent that action against attorney or legal practice for fraud could be considered.
18. In *Brauer,* 275 Ill. App.3d at 310, 211 Ill.Dec. 779, 655 N.E.2d 1162, the court affirmed that a case for fraud may be brought before the court as a tort, but not for breach of contract, which clearly is applicable in this action before this Honorable Court.
19. Moreover, *Bosak v. McDonough,* 192 Ill.App.3d 799, 804-05, 139 Ill.Dec. 917, 549 N.E.2d 643 (1989) and *Celano v. Frederick,* 54 Ill.App.2d 393, 400, 203 N.E.2d 774 (1964), quoting *Wahlgren v. Bausch & Lomb Optical Co.,* 68 F.2d 660, 664 (7th Cir.1934) held that policies for preventing a conspiracy should apply to attorneys with regard to committing an act which is civilly or criminally actionable.
20. In THORNWOOD, INC. v. JENNER & BLOCK 799 N.E.2d 756 Ill. (2003), the Defendants were held liable for civil damages for aiding and abetting the defendant's scheme to intimidate and defraud a Plaintiff into dissolving a legal matter.
21. With regard to jurisdiction, the IRPC and the Illinois Supreme Court also shows that this Honorable Court has jurisdiction based on the following factors:
    l. In *Magnetek, Inc. v. Kirkland and Ellis, LLP,* Ill. App. 3d, N.E.2d, 2011 WL 2622413 (1st Dist. 2011), the Illinois Supreme Court confirmed an appellate court ruling that the State and County Court systems have jurisdiction over claims for civil damages resulting from legal malpractice/misconduct.

REQUEST FOR RELIEF:

Based on the foregoing, the Petitioner is entitled to relief and respectfully seeks this Honorable Court to:
1. Grant judgment in favor of the Plaintiff for the amount of damages he would have won in the original case
    a. Original damages were $450,000
2. Grant a discretionary award and/or punitive damages for intentional infliction of emotional distress
3. Grant disgorgement of all legal fees paid to Chapman by McBride (approximately $8,000)
    a. Terminate an amount Chapman alleges she is owed by McBride
4. Any and all legal fees and court costs associated with this action
5. Any other relief the court may deem just and equitable.

Respectfully submitted,

Brian F. McBride
Pro se
1158-1 N. Cleveland Ave
Chicago, IL 60610
(312) 672-2794
bfmcbride@icloud.com