United States District Court
For the Northern District of Illinois

Brian F. McBride, )
Plaintiff )
) Case No. 1:13-cv-04748
) Assigned Judge: A. St. Eve
v. )
) Magistrate Judge
Mary F. Chapman, Esq. )
The Law Offices of Mary F. Chapman )
)

FILED
JUL 10, 2013
JUL 10 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PLAINTIFF'S AMENDED COMPLAINT

### Background:

1. Plaintiff was involved in an employment discrimination complaint that was previously before this court and captioned as McBride v. MDea, Inc. et al. with case number 1:2013cv00602 before Judge Darrah.
2. During the process of the case, the Defendants had filed a SLAPP lawsuit in the case in Nevada State Court to cajole the Plaintiff to dismiss his action before this Honorable court.
3. For the Nevada SLAPP suit, McBride hired the Law Offices of Mary F. Chapman with Mary F. Chapman as sole attorney.
4. Settlement discussions were underway in which a financial settlement was to be worked out between the parties.
5. Then, during negotiations via electronic mail to Defendant's counsel, Chapman breached her confidentiality to her client, McBride by opining to MDea's counsel, Timothy Hudson that McBride's claims in 1:2013cv00602 before Judge Darrah had no merits.
6. This caused Defendants in that case to refuse to settle the case.
7. But for Chapman's interference and breach of duty, McBride would have prevailed in his case 1:2013cv00602.
8. Plaintiff, as the result of Chapman's unethical and intentionally negligent actions, Plaintiff McBride had to accept a settlement with no financial value that left him destitute.
9. Nonetheless, Chapman had the gaul to then send McBride invoices for reading electronic mail and threaten a lawsuit in Nevada for the payment of charges using words like "bring it" in attempt to provoke a fight.
10. In between the time this action was filed and this amended was ordered and filed, Plaintiff McBride learned that Defendant Chapman was supposed to, as component of her legal services provided, ensure the state court of Clark County, NV entered an order to seal the records of the dismissed SLAPP lawsuit against the Plaintiff McBride.

### Jurisdiction:

11. <u>Diversity of Jurisdiction:</u> This Honorable Court has jurisdiction of the subject matter of this action pursuant to 28 USC 1332 as all of the Defendants are residents of a different state (Nevada) than the Plaintiff (Illinois) and the amount in controversy is greater than $75,000.
12. <u>Jurisdiction by Federal Question:</u> This is an action arising under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"). At all times material to this Complaint, Defendants have maintained a substantial course of trade in the provision of legal representation, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

### Argument:
### COUNT I:
### Plaintiff's former counsel committed a negligent tort in her breach of client confidentiality

13. Paragraphs 1-12 are incorporated herein.
14. Negligence is the failure to do something which a reasonably careful person would do or the doing of something which a reasonably careful person would not do under similar circumstances. (Williams v. Conner 228 Ill App 3d 350, 364 (5th district))
    a. As an attorney Chapman has a duty to be honest in their representations before this Court.
    b. Injuries or damages were sustained by the Plaintiff
    c. Chapman's collective breech of duty was the proximate cause for Plaintiff's damages and excess attorney fees
15. In the State of Illinois, the Illinois Rules of Professional Conduct clearly and unequivocally outlines the duties of an attorney as an officer of the Court.
16. The commission of a fraudulent act, is governed by IRPC Rule 8.4:
    d. <u>IRPC 8.4(a)(3)</u> states that a lawyer shall not "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer."
    e. Moreover, Witt, 583 N.E.2d 526 (1991) establishes fraud as including anything calculated to deceive, whether it be a single act of combination of circumstances.
    f. Yamaguchi (Yamaguchi, 515 N.E.2d 1235, 1239 (Ill. 1987)) further defines fraud as "whether it be the suppression of truth or the suggestion of what is false,"
    g. Armentrout (Armentrout, 457 N.E.2d 1262, 1266 (Ill. 1983)) broadens the definition of fraud: "whether it be by direct falsehood or by innuendo, by speech or by silence, by word of mouth or by look or gesture."
    h. The basic elements of fraud and deceit are:
        i. a false representation of material fact
        ii. the defendant must know of the falsity, but nevertheless, makes the statement for the purpose of inducing the plaintiff to rely on it;
        iii. the plaintiff must justifiably rely on the statement for the purpose of inducing the plaintiff to rely on it; and
        iv. the plaintiff must have suffered damages as a consequence.
17. In Illinois, *Wolf v. Liberis,* <u>153 Ill.App.3d 488</u>, 496, 106 Ill.Dec. 411, <u>505 N.E.2d 1202</u> (1987) establishes the concept for aiding and abetting an act for which the Plaintiff is entitled to legal redress:
    i. The party whom the defendant aids must perform a wrongful act which causes an injury;
    j. The defendant must be regularly aware of his role as part of the overall or tortious activity at the time that he provides the assistance;
    k. The defendant must knowingly and substantially assist the principal violation.
18. In *Reuben H. Donnelley Corp. v. Brauer,* <u>275 Ill.App.3d 300</u>, 211 Ill.Dec. 779, <u>655 N.E.2d 1162</u> (1995), Illinois courts established the precedent that action against attorney or legal practice for fraud could be considered.
19. In *Brauer,* 275 Ill. App.3d at 310, <u>211 Ill.Dec. 779</u>, <u>655 N.E.2d 1162</u>, the court affirmed that a case for fraud may be brought before the court as a tort, but not for breach of contract, which clearly is applicable in this action before this Honorable Court.
20. Moreover, *Bosak v. McDonough,* <u>192 Ill.App.3d 799</u>, 804-05, 139 Ill.Dec. 917, <u>549 N.E.2d 643</u> (1989) and *Celano v. Frederick,* <u>54 Ill.App.2d 393</u>, 400, <u>203 N.E.2d 774</u> (1964), quoting *Wahlgren v. Bausch & Lomb Optical Co.,* <u>68 F.2d 660</u>, 664 (7th Cir.1934) held that policies for preventing a conspiracy should apply to attorneys with regard to committing an act which is civilly or criminally actionable.
21. In THORNWOOD, INC. v. JENNER & BLOCK 799 N.E.2d 756 Ill. (2003), the Defendants were held liable for civil damages for aiding and abetting the defendant's scheme to intimidate and defraud a Plaintiff into dissolving a legal matter.

## COUNT II:
### Defendant's Conduct is an Unfair Trade Practice

22. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce." Representations of material fact that are false or misleading constitute deceptive acts or practices prohibited by the FTC Act.
23. In truth and in fact, in numerous instances the material representations set forth above were false or Defendants did not have a reasonable basis for the representations at the time the representations were made.
24. Therefore, the representations set forth above were false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).
25. Pursuant to 15 U.S.C. §§ 53(b) and 57b, this Court is authorized to issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FTC Act including the ability to order rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive a wrongdoer of ill-gotten gain.
26. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), authorizes the Court to award monetary civil penalties of not more than $11,000 for each violation of the FTC Act.
27. Indeed, the federal court system is precisely designed to impose liability of persons seeking to profit from unfair practices. (See *Arthur D. Little, Inc. v. Dooyang Corp.*, 147 F.3d 47, 55 (1st Cir. 1998) (quoting *Linkage Corp. v. Trustees of Boston Univ.*, 425 Mass. 1, 25 (1997))
28. While courts frequently combine the unfair and deceptive practices the Federal courts have considered liability solely on deception or unfairness (See *Damon v. Sun Co.*, 87 F.3d 1467, 1484 (1st Cir. 1996) (citing *Mass. Employers Ins. Exch. v. Propac-Mass, Inc.*, 420 Mass. 39, 42–43 (1995)) (when determining unfairness, "the focus is 'on the nature of the challenged conduct and on the purpose and effect of that conduct'"). While misconduct of the Defendant Chapman may be debated as to its rising to deception, there should be absolutely no question that her breach of client confidentiality to opposing counsel germane to the merits of her own client's case (i.e. Plaintiff McBride's case) was unquestionably unfair and poor practice for which the Defendant should be held liable.
29. Indeed, the Federal courts have gone further stating that the negligent tort claim is separate from the Fair Trade claim alleged here as this second count. (In *Patricia Kennedy & Co. v. Zam-Cul Enterprises, Inc.*, 830 F. Supp. 53, 59 (D. Mass. 1993). In *NASCO v. Pub. Storage, Inc.*, 127 F.3d 148, 152 (1st Cir. 1997), the US Court of Appeals for the first circuit has held that an accused party is not exonerated from a Fair Trade claim simply because there was no breach of contract. In this case, the argument is essentially reversed because the allegation of misconduct and negligence (Count I) is clear and subject to the court's definition of unfairness. (See: *FTC v. Sperry & Hutchinson Co.*, 405 U.S. at 239.)
    a. Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—whether in other words, it is within at least the penumbra of some common-law, statutory or other established concept of unfairness;
    b. Whether it is immoral, unethical, oppressive, or unscrupulous;
    c. Whether it causes substantial injury to consumers
    d. In this instant action before this Honorable Court, it should be abundantly clear that the Defendant's conduct passes the S&H test
30. Moreover, the legal profession is an industry which has tried for centuries to operate on the principles of fairness. In *Commercial Union Insurance Co. v. Seven Provinces Insurance Co.*, 9 F. Supp. 2d 49, the court found that by violating the principles of good faith, the Defendants' action falls well within the penumbra of some established concept of unfairness.
31. *In re Int'l Harvester Co.*, 104 F.T.C. at 1073, the Federal Trade Commission stated that three key tests must be satisfied to cause an "unjustified consumer injury."
    a. *The injury must be substantial*
    b. *It must not be outweighed by any countervailing benefits to consumers or completion that the practice produces*
    c. *It must be an injury that the consumers themselves could have clearly avoided.*

32. In this instant action before this Honorable Court, there is no way Plaintiff McBride would have known that Defendant Chapman would have violated his confidentiality to opposing counsel. No consumers benefitted from Defendant Chapman's actions, and the Plaintiff sustained significant economic losses because he would have recovered his salary from his former employer **but for** the unconscionable actions of the Defendant Chapman.

### REQUEST FOR RELIEF:

Based on the foregoing, the Petitioner is entitled to relief and respectfully seeks this Honorable Court to:

1. Grant judgment in favor of the Plaintiff for the amount of damages he would have won in the original case
    a. Original damages were $450,000
2. Grant a discretionary award and/or punitive damages for intentional infliction of emotional distress
3. Grant disgorgement of all legal fees paid to Chapman by McBride (approximately $8,000)
    a. Terminate an amount Chapman alleges she is owed by McBride
4. Grant statutory damages pursuant to the FTC Act of $11,000
5. Any and all legal fees and court costs associated with this action
6. Any other relief the court may deem just and equitable.

Respectfully submitted,

*[signature]*

Brian F. McBride
Pro se
1158-1 N. Cleveland Ave
Chicago, IL 60610
(312) 672-2794
bfmcbride@icloud.com